UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS VILLALBA,
AS ADMINISTRATOR OF　　　　　　　　　　Case No. 1:19-cv-4270 (PKC)(RLM)
THE ESTATE OF RAMON A. GALEAS,
　　　　　　　　　　　　　　　　　　　　**ANSWER**

　　　　Plaintiff,

-against-

HOUSLANGER & ASSOCIATES, PLLC,
TODD HOUSLANGER, and
VIRGO CAPITAL, LLC,

　　　　　　　　　Defendants.
------------------------------------------------------------X

　　　　Defendants Houslanger & Associates, PLLC ("H&A") and Todd Houslanger ("Houslanger") (collectively, the "Houslanger Defendants"), by their attorneys Kaufman Dolowich & Voluck, LLP, answer Plaintiff's First Amended Complaint ("FAC") as follows:

## JURISDICTION AND VENUE

1.　　Paragraph "1" of the FAC is a legal conclusion which requires no response.[1]

2.　　Paragraph "2" of the FAC is a legal conclusion which requires no response.

## PARTIES

3.　　Deny the allegations contained in paragraph "3" of the FAC.

4.　　Deny the allegations contained in paragraph "4" of the FAC, except admit that H&A's principal place of business is at 372 New York Ave., Huntington, NY 11743 and that H&A is registered with the New York City Department of Consumer Affairs.

5.　　Deny the allegations contained in paragraph "5" of the FAC, except admit that Houslanger is a natural person and resident of the State of New York who is a member, owner and operator of H&A.

---

[1] The Houslanger Defendants further deny the allegations contained in the FAC's "Summary of Claims."

6. Neither admit nor deny the allegations contained in paragraph "6" of the FAC as they do not pertain to facts.

7. Paragraph "7" of the FAC is a legal conclusion which requires no response.

8. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the FAC.

9. Deny that Matthew Blake is currently employed by H&A and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "9" of the FAC.

10. Deny the allegations contained in paragraph "10" of the FAC and respectfully refer all questions of law to the Court.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the FAC.

12. Paragraph "12" of the FAC is a legal conclusion which requires no response. To the extent that a response is required, it is denied.

13. Deny the allegations contained in paragraph "13" of the FAC.

14. Paragraph "14" of the FAC is a legal conclusion which requires no response. To the extent that a response is required, it is denied.

## STATEMENT OF FACTS

15. Admit the allegations contained in paragraph "15" of the FAC, except deny that Ramon Galeas ("Galeas") is the "now-Plaintiff."

16. Deny the allegations contained in paragraph "16" of the FAC and respectfully refer the Court to the filings and decisions in Sykes v. Mel S. Harris & Associates, LLC, 1:09-cv-8486 (S.D.N.Y.) (the "Sykes Action") for their content and meaning.

17. Neither admit nor deny the allegations contained in paragraph "17" of the FAC and rather respectfully refer the Court to the complaint in the Collection Lawsuit for its content.

18. Deny the allegations contained in paragraph "18" of the FAC.

19. Deny the allegations contained in paragraph "19" of the FAC.

20. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the FAC, except admit that Andrew Lindauer ("Lindauer") executed an affidavit of service in the Collection Lawsuit.

21. Admit that Lindauer executed an affidavit of service in the Collection Lawsuit and respectfully refer the Court to that affidavit for its content.

22. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the FAC.

23. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the FAC and respectfully refers the Court to the Assurance of Discontinuance cited therein for its content.

24. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the FAC.

25. Deny the allegations contained in paragraph "25" of the FAC, except admit that a default judgment was entered against Galeas in the Collection Lawsuit (the "Judgment") and respectfully refer the Court to the Judgment for its content.

26. Deny the allegations contained in paragraph "26" of the FAC, except admit that the Sykes Action was settled and respectfully refer the Court to the settlement documents in that action for their content and meaning.

27. Deny the allegations contained in paragraph "27" of the FAC, except admit that Virgo purchased certain judgments previously owned by various LR Credit entities in or about January 2012 and that H&A was retained to collect on said judgments.

28. Deny the allegations contained in paragraph "28" of the FAC, except admit that Virgo was formed in 2011.

29. Deny the allegations contained in paragraph "29" of the FAC, except admit that the New York Attorney General, as counsel, commenced the proceeding in New York Supreme Court titled <u>Fisher v. Leucadia National Corp.</u>, Index No. 452328/16 (the "Fisher Proceeding") and respectfully refer the Court to the filings in the Fisher Proceeding for their content and meaning.

30. Deny the allegations contained in paragraph "30" of the FAC and respectfully refer the Court to the filings in the Fisher Proceeding for their content and meaning.

31. Neither admit nor deny the allegations contained in paragraph "31" of the FAC and respectfully refer the Court to the email cited therein for its content and meaning.

32. Admit the allegations contained in paragraph "32" of the FAC.

33. Neither admit nor deny the allegations contained in paragraph "33" of the FAC and respectfully refer the Court to the order cited therein for its content and meaning.

34. Deny the allegations contained in paragraph "34" of the FAC.

35. Deny the allegations contained in paragraph "35" of the FAC, except admit that the putative class action titled <u>Sanders v. Houslanger & Associates, PLLC</u>, Case No. 1:19-cv-8985 (the "Sanders Action") was filed in the U.S. District Court for the Southern District of New York on November 16, 2017, and respectfully refers the Court to the filings in the Sanders Action for their content and meaning.

36. Deny the allegations contained in paragraph "36" of the FAC, except admit that Galeas was a member of the putative class in the Sanders Action, which was settled without any admission of liability, and that Galeas opted out of the class settlement.

37. Paragraph "37" of the FAC is a legal conclusion which requires no response.

38. Deny the allegations contained in paragraph "38" of the FAC.

39. Deny the allegations contained in paragraph "39" of the FAC.

40. Paragraph "39" of the FAC is a legal conclusion which requires no response.

41. Admit the allegations contained in paragraph "41" of the FAC.

42. Neither admit nor deny the allegations contained in paragraph "42" of the FAC and respectfully refer the Court to the Income Execution cited therein for its content and meaning.

43. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the FAC.

44. Deny the allegations contained in paragraph "44" of the FAC.

45. Deny the allegations contained in paragraph "45" of the FAC.

46. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the FAC.

47. Deny the allegations contained in paragraph "47" of the FAC.

48. Deny the allegations contained in paragraph "48" of the FAC.

49. Deny the allegations contained in paragraph "49" of the FAC.

50. Paragraph "50" of the FAC is a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

51. Deny the allegations contained in paragraph "51" of the FAC.

52. Deny the allegations contained in paragraph "52" of the FAC, except admit that Galeas was a member of the putative class in the Sanders Action, which was settled without any admission of liability, and that Galeas opted out of the class settlement.

53. Paragraph "53" of the FAC is a legal conclusion which requires no response.

54. Paragraph "54" of the FAC is a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

55. Deny the allegations contained in paragraph "55" of the FAC.

56. Deny the allegations contained in paragraph "56" of the FAC.

57. Deny the allegations contained in paragraph "57" of the FAC, except admits that, in April 2018, Galeas moved by order to show cause to vacate the Judgment (the "Motion to Vacate") and respectfully refer the Court to the Motion to Vacate for its content.

58. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the FAC, except admit that Galeas was represented by an attorney on April 18, 2018.

59. Deny the allegations contained in paragraph "59" of the FAC.

60. Deny the allegations contained in paragraph "60" of the FAC.

61. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the FAC.

62. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the FAC.

63. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the FAC.

64. Deny the allegations contained in paragraph "64" of the FAC.

65. Deny the allegations contained in paragraph "65" of the FAC.

66. Deny the allegations contained in paragraph "66" of the FAC.

67. Deny the allegations contained in paragraph "67" of the FAC.

68. Admit the allegations contained in paragraph "68" of the FAC.

69. Deny the allegations contained in paragraph "69" of the FAC, except admit that Galeas served a supplemental affidavit in support of the Motion to Vacate on or about December 3, 2018 and respectfully refer the Court to that affidavit for its content.

70. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the FAC.

71. Admit the allegations contained in paragraph "71" of the FAC.

72. Deny the allegations contained in paragraph "72" of the FAC.

73. Deny the allegations contained in paragraph "73" of the FAC.

74. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the FAC.

75. Deny the allegations contained in paragraph "75" of the FAC.

76. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the FAC, except admit that the attorney appearing for H&A provided Galeas' attorney with a proposed Mutual Stipulation Vacating Judgment, Discontinuance with Prejudice & General Release (the "Stipulation") and respectfully refer the Court to the Stipulation for its content.

77. Deny the allegations contained in paragraph "77" of the FAC.

78. Deny the allegations contained in paragraph "78" of the FAC and respectfully refer the Court to the Stipulation for its content.

79. Deny the allegations contained in paragraph "79" of the FAC and respectfully refer the Court to the Stipulation for its content.

80. Deny the allegations contained in paragraph "80" of the FAC and respectfully refer the Court to the Stipulation for its content.

81. Deny the allegations contained in paragraph "81" of the FAC and respectfully refer the Court to the Stipulation for its content.

82. Deny the allegations contained in paragraph "82" of the FAC.

83. Deny the allegations contained in paragraph "83" of the FAC.

84. Deny the allegations contained in paragraph "84" of the FAC.

85. Deny the allegations contained in paragraph "85" of the FAC.

86. Deny the allegations contained in paragraph "86" of the FAC, except admit that Galeas' attorney struck paragraph 3 of the Stipulation.

87. Deny the allegations contained in paragraph "87" of the FAC.

88. Deny the allegations contained in paragraph "88" of the FAC.

89. Deny the allegations contained in paragraph "89" of the FAC.

90. Deny the allegations contained in paragraph "90" of the FAC.

91. Deny the allegations contained in paragraph "91" of the FAC.

92. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the FAC.

93. Deny the allegations contained in paragraph "93" of the FAC.

94. Deny the allegations contained in paragraph "94" of the FAC.

95. Deny the allegations contained in paragraph "95" of the FAC.

96. Deny the allegations contained in paragraph "96" of the FAC.

97. Deny the allegations contained in paragraph "97" of the FAC.

98. Deny the allegations contained in paragraph "98" of the FAC as they pertain to the Houslanger Defendants and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph.

99. Deny the allegations contained in paragraph "99" of the FAC, except admit to opposing counsel's filing of the action titled <u>Levy v. Platinum Financial Services Corp. LLC</u>, Case No. 1:18-cv-6936 (E.D.N.Y.) (the "Levy Action"), wherein the Houslanger Defendants interposed an Answer, and respectfully refer the Court to the filings in the Levy Action for their content.

100. Deny the allegations contained in paragraph "100" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

101. Deny the allegations contained in paragraph "101" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

102. Deny the allegations contained in paragraph "102" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

103. Deny the allegations contained in paragraph "103" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

104. Deny the allegations contained in paragraph "104" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

105. Deny the allegations contained in paragraph "105" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

106. Deny the allegations contained in paragraph "106" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

107. Deny the allegations contained in paragraph "107" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

108. Deny the allegations contained in paragraph "108" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

109. Deny the allegations contained in paragraph "109" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

110. Deny the allegations contained in paragraph "110" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

111. Deny the allegations contained in paragraph "111" of the FAC and respectfully refer the Court to the filings in the Levy Action for their content.

112. Deny the allegations contained in paragraph "112" of the FAC as they pertain to the Houslanger Defendants and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph.

113. Deny the allegations contained in paragraph "114" of the FAC and respectfully refer the Court to the filings in Stinson v. Houslanger & Associates, PLLC, Case No. 1:18-cv-11350 (S.D.N.Y.) (the "Stinson Action"), wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

114. Deny the allegations contained in paragraph "115" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

115. Deny the allegations contained in paragraph "115" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

116. Deny the allegations contained in paragraph "116" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

117. Deny the allegations contained in paragraph "117" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

118. Deny the allegations contained in paragraph "118" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

119. Deny the allegations contained in paragraph "119" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

120. Deny the allegations contained in paragraph "120" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

121. Deny the allegations contained in paragraph "121" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

122. Deny the allegations contained in paragraph "122" of the FAC and respectfully refer the Court to the filings in the Stinson Action, wherein the plaintiff's claims relating to the cited "Stipulation Vacating Judgment" were dismissed, for their content.

123. Deny the allegations contained in paragraph "123" of the FAC, except admit that the Stinson Action was filed by opposing counsel on December 5, 2018 and is still pending.

124. Deny the allegations contained in paragraph "124" of the FAC.

125. Deny the allegations contained in paragraph "125" of the FAC.

126. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "126" of the FAC and respectfully refers the Court to the document cited therein for its content.

127. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "127" of the FAC and respectfully refers the Court to the document cited therein for its content.

128. Deny the allegations contained in paragraph "128" of the FAC.

129. Deny the allegations contained in paragraph "129" of the FAC.

130. Deny the allegations contained in paragraph "130" of the FAC.

131. Deny the allegations contained in paragraph "131" of the FAC.

132. Deny the allegations contained in paragraph "132" of the FAC.

133. Deny the allegations contained in paragraph "133" of the FAC.

134. Deny the allegations contained in paragraph "134" of the FAC and respectfully refers the Court to the document cited therein for its content.

### ANSWERING COUNT ONE
### (Fair Debt Collection Practices Act)

135. In response to the allegations contained in paragraph "135" of the FAC, the Houslanger Defendants repeat their responses to paragraphs "1" through "134" of the FAC as if fully set forth herein.

136. Paragraph "136" of the FAC is a legal conclusion which requires no response.

137. Paragraph "137" of the FAC is a legal conclusion which requires no response.

138. Paragraph "138" of the FAC is a legal conclusion which requires no response.

139. Deny the allegations contained in paragraph "139" of the FAC.

140. Paragraph "140" of the FAC is a legal conclusion which requires no response.

141. Paragraph "141" of the FAC is a legal conclusion which requires no response.

142. Deny the allegations contained in paragraph "142" of the FAC.

143. Neither admit nor deny the allegations contained in paragraph "143" of the FAC as they do not concern facts.

**ANSWERING COUNT TWO**
**(New York General Business Law § 349)**

144. In response to the allegations contained in paragraph "144" of the FAC, the Houslanger Defendants repeat their responses to paragraphs "1" through "143" of the FAC as if fully set forth herein.

145. Paragraph "145" of the FAC is a legal conclusion which requires no response.

146. Paragraph "146" of the FAC is a legal conclusion which requires no response.

147. Neither admits nor denies the allegations contained in paragraph "147" of the FAC as they do not concern facts.

148. Deny the allegations contained in paragraph "148" of the FAC.

149. Deny the allegations contained in paragraph "149" of the FAC.

**ANSWERING COUNT THREE**
**(Conversion)**

150. In response to the allegations contained in paragraph "150" of the FAC, the Houslanger Defendants repeat their responses to paragraphs "1" through "143" of the FAC as if fully set forth herein.

151. Paragraph "151" of the FAC is a legal conclusion which requires no response.

152. Paragraph "152" of the FAC is a legal conclusion which requires no response.

153. Deny the allegations contained in paragraph "153" of the FAC.

154. Deny the allegations contained in paragraph "154" of the FAC

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

155. Plaintiff has not suffered concrete injuries in fact sufficient to confer standing under Article III.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

156. The FAC fails to state a claim against the Houslanger Defendants upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

157. Plaintiff's claims are barred, in whole or in part, under the applicable statutes of limitation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

158. To the extent the Houslanger Defendants violated the FDCPA, which the Houslanger Defendants deny, such violations resulted from bona fide errors notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**WHEREFORE**, the Houslanger Defendants respectfully pray for judgment as follows:

a. Dismissing the First Amended Complaint with prejudice; and

b. Granting the Houslanger Defendants such other and further relief as this Court deems just, equitable and proper.

Dated: Woodbury, New York
May 20, 2022

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By: /s/ Brett A. Scher
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendants*
*Houslanger & Associates, PLLC*
*and Todd Houslanger*
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100