UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARLOS VILLALBA, Administrator of the
Estate of RAMON GALEAS           Case No.: 1:19-cv-04270-PKC-RLM
                Plaintiff,
    - against-

HOUSLANGER & ASSOCIATES, PLLC,
TODD HOUSLANGER, and
VIRGO CAPITAL, LLC
                Defendants.
-------------------------------------------------------------------X

## SWORN AFFIRMATION OF AHMAD KESHAVARZ

Pursuant to 28 U.S.C. § 1746, AHMAD KESHAVARZ declares under penalty of perjury that the foregoing is true and correct.

1. The original plaintiff in this action, Ramon Galeas, passed away from COVID complications during the pendency of this action.

2. Our office arranged for the retention of an experienced surrogate's court practitioner Judah Schwartz, Esq. of the Law Office of Judah Schwartz, P.C. to assist in this surrogate court issues raised by the passing of Mr. Galeas.

3. On or about October 5, 2020 Mr. Schwartz filed a Petition for Letters of Limited Administration in the Queens County Surrogate's Court with supporting documentation. The surrogate's court finally approved the application on or about January 7, 2021.

4. This allowed the filing of a motion for substitution pursuant to Fed.R.Civ.P. 25, which was untimely granted. *See* Dkt. Nos. 49-68.

5. The parties signed a settlement agreement. However, approval was required by the Queens County Surrogate's Court.

6. On or about December 12, 2022 Mr. Schwartz filed a Lift Restrictions Petition. As stated in the petition, there are no known debts of the estate. The only person interested in the

1

proceeding is the sole distribute himself, who was the Article 17-A Ward of Mt. Villaba. The sole value of the estate was the settlement amount itself.

7. On or about July 27, 2025, my law partner of 6 years Emma Caterine left my firm and withdrew from this and all other pending cases. [Dkt. No. 100] She was the person most directly involved in in following up with the surrogate's court. She also followed up with our (now former) probate attorney for this matter Judah Schwartz who himself also followed up the clerk's office. Our office was informed repeatedly that the issue was just that the Queens County Surrogate's Court was extremely backlogged since the COVID pandemic, but that the application was straightforward and no problems were spotted or expected. We just had to wait. As such, Ms. Caterine, on behalf of our office, represented the same to the court in this action in the status letters.

8. Our probate attorney Mr. Schwartz closed his law practice and on or about July 23, 2024 I filed a consent to change attorney.

9. Out of the blue I received a call from someone claiming to be from the Queens County Surrogate's Court clerk's office. He stated that I needed to mail or deliver to the clerk's office payment of $75.00 for the processing of the Petition to Lift Restrictions. I was shocked and flabbergasted. I asked why this had not been raised as an issue in the two years since Lift Restrictions Petition was filed. He did not have an answer. There was nothing in the surrogate's court docket sheet indicating there were any issues with the filings. The caller indicated that if I sent the payment the order on the application would be signed "right away." I asked if there was anything else they needed to process the application and he said they did not. I obtained a cashier's check from my bank on October 11, 2024 in the amount of $75.00 in the name of Queens County Surrogate's Court mailed it with the Lift Restrictions Petition filed in 2022 and a

cover letter stating that the payment was for that petition.

10. Sometime on or about October 29, 2024 I received from the clerk a return of cashier's check; a few pages of forms; and a handwritten post-it note that I needed to fill out those forms. The forms asked for the same information that was provided in the Petition to Lift Restrictions filed in 2022. The only difference was the formatting and, most oddly, the forms provided largely could only be completed by hand. No information was requested that was not previously provided.

11. I called Mr. Villaba to inform him of the situation.

12. On or about October 31, 2024 I mailed to Mr. Villaba the forms that the clerk wanted filled out and executed before a notary not just by him but by the mother and half-sister of Daniel Galeas, the disabled son of Mr. Ramon Galeas, for whose benefit the settlement payment would go. There are zero dollars in personal property and no real property. The only assets would be the amount of the settlement from this FDCPA action. That was indicated in the executed affidavits in 2022. It was again indicated in hand writing in the form provided by the clerk.

13. The forms were promptly executed and returned to my office for filing.

14. On or about December 9, 2024 I electronically filed the Petition to Lift Restrictions with the forms sent by the Surrogate's Court Clerk.

15. While going through the electronic filing process I looked for but did not see any indication of a filing fee for the submission nor an ability to pay a filing fee on-line even if one was due.

16. On or about December 13, 2024 I mailed via CMRRR certified check for $75.00 for the Lift Restrictions Petition filed on December 9, 2024, and a courtesy copy of the that

3

filing.

17. Sometime shortly thereafter I received a notification that the December 9, 2024 filing had been rejected because the documents were uploaded as a single file.

18. On or about March 19, 2025 I re-filed the Petition to Lift Restrictions, this time itemizing each attachment as a separate file.

19. Out of an abundance of caution, on or about March 24, 2025 I obtained a certified check made Payable to the Queens County Surrogate's Court.

20. Promptly thereafter I instructed my (then) associate Judith Miller to personally travel from our office in Brooklyn the Queens Surrogate Court the certified check and a copy of re-filed Petition to Lift Restriction. I instructed her to confirm that they processed the previously mailed certified check and if not to provide the second check; to emphasize that the Petition was first filed in 2022 and that it needed urgently to be processed; and to ask the clerk if there was anything else we could do to speed along the processing of the Petition.  When Ms. Miller returned to the office she stated that Queens County Surrogate's Court clerk was adamant that a payment for the December 9, 2024 application had already been received and applied and that they did not need nor would accept an additional payment. Ms. Miller told me that the clerk staff indicated they would submit the Petition (which included a proposed order) to the court. Most importantly, the clerk indicated there was nothing further we could or should do to move the process forward, and that we would be advised we would receive notice electronically of the signed order.

21. Having received no electronic notification from the surrogate's court, I personally called the clerk on the afternoon of April 11, 2025. I explained that we had filed a Lift Restrictions Petition originally in 2022 and again most recently March 19, 2025.  I asked if there

4

was anything I could do to move the process forward and confirmed there was no unpaid fee. She indicated that there was nothing further that I could do; that the Petition was "in the rotation"; that they would "get to it when they could"; but that she could not give an estimate of when that might be. I emphasized the urgency of the matter, that there was a pending federal action that is on hold until the Lift Restrictions Petition was processed, and, again, that the Petition was originally filed in 2022. The clerk then provided me with particular email address for "urgent" matters to send the Petition along with an Affidavit of Urgency. She indicated that when received someone would "pull the file" and that this "may" expedite the process. She could not give any estimate of how long that process may take.

22. I will draft, execute, file, and email an Affidavit of Urgency forthwith, and will plan to do so before I leave the country for several days beginning Thursday, April 16, 2025.

23. I will continue my efforts to move the process forward as expeditiously as possible.

Dated: Brooklyn, New York
April 11, 2025

/s/
Ahmad Keshavarz
Attorney for Carlos Villalba, Administrator of the Estate of Ramon Galeas